Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

USPS CERTIFIED MAIL™

9214 8901 1251 3410 0004 8670 15

AT&T MOBILITY SERVICES LLC
C. T. Corporation System
5098 WASHINGTON STREET WEST
SUITE 407
CHARLESTON, WV 25313

**Kris Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

**Control Number:** 363217

**Defendant:** AT&T MOBILITY SERVICES LLC
5098 WASHINGTON STREET WEST
SUITE 407
CHARLESTON, WV 25313 US

**Agent:** C. T. Corporation System

**County:** Kanawha

**Civil Action:** CC-20-2026-C-1014

**Certified Number:** 92148901125134100004867015

**Service Date:** 8/24/2026

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* ***not to the Secretary of State's office.***

Sincerely,

Kris Warner
Secretary of State

EXHIBIT 1

# SUMMONS

FILED | 8/19/2026 3:40 PM
CC-20-2026-C-1014
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**Stephanie Renee Clark v. AT&T Mobility Services, LLC**

Service Type: Secretary of State - Certified - Including Copy Fee

NOTICE TO: AT&T Mobility Services, LLC, c/o C T Corporation System, 5098 Washington Street, W Ste 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Stephanie Renee Clark, 528 Nancy Street, Charleston, WV 25311

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

---

SERVICE:

| 8/19/2026 3:40:54 PM | /s/ Cathy S. Gatson | S. Campbell |
|---|---|---|
| Date | Clerk | |

---

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ____________

☐ I certify that I personally delivered a copy of the Summons and Complaint t ____________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ____________, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ____________, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

| ____________ | ____________ |
|---|---|
| Date | Server's Signature |

ACCEPTED FOR SERVICE OF PROCESS
2026 AUG 24 A 10: 01
SECRETARY OF STATE
STATE OF WEST VIRGINIA

FILED | 8/19/2026 3:40 PM
CC-20-2026-C-1014
Kanawha County Circuit Clerk
Cathy S. Gatson

**CIVIL CASE INFORMATION STA**
CIVIL CASES IN THE CIRCUIT COURT OF KANAWH

| | |
|---|---|
| **Plaintiff(s):**<br>**STEPHANIE RENEE CLARK**<br><br>**Defendant(s):**<br>**AT&T MOBILITY SERVICES, LLC and**<br>**JOHN DOE** | |

| **Defendant** | **Days to Answer** | **Type of Service** |
|---|---|---|
| AT&T MOBILITY SERVICES, LLC<br>c/o C T CORPORATION SYSTEM<br>5098 WASHINGTON ST W STE 407<br>CHARLESTON, WV, 25313 | 30 | Secretary of State |

Original and 2 copies of Complaint furnished herewith

**II Type of Case:**

| TORTS | OTHER | CIVIL |
|---|---|---|
| ___ Asbestos | ___ Adoption | ___ Appeal from Magistrate Court |
| ___ Professional Malpractice | ___ Contract | ___ Petition for Modification of Magistrate Sentence |
| ___ Personal Injury | ___ Real Property | ___ Miscellaneous Civil |
| ___ Product Liability | ___ Mental Health | ___ Other |
| X Other Tort | ___ Appeal of Administrative Agency | |

**III Jury Demand:** X Yes ___ No

**CASE WILL BE READY FOR TRIAL BY** (month/year): February 2028

**IV** DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE? ___ Yes ___ No
IF YES, PLEASE SPECIFY:

- ___ Wheelchair accessible hearing room and other facilities
- ___ Interpreter or other auxiliary aid for the hearing impaired
- ___ Reader or other auxiliary aid for the visually impaired
- ___ Spokesperson or other auxiliary aid for the speech impaired
- ___ Other: ______________________

Firm: STEPHANIE RENEE CLARK — X Plaintiff — __ Defendant
Address: 528 Nancy Street, Charleston, WV 25311 — __ Cross-Complainant — __ Cross-Defendant
Telephone: 304-690-1515

Stephanie Renee Clark (signature)
Stephanie Renee Clark

8/19/26
Date

EXHIBIT 1

**Plaintiff:** ______________________, *et al* **Case Number:** ______________________
**vs.**
**Defendant:** ______________________, *et al*

**CIVIL CASE INFORMATION STATEMENT**
**DEFENDANT(S) CONTINUATION PAGE**

John Doe
Defendant's Name | Defendant's Phone: ______________________
______________________
Street Address | Days to Answer: __________
______________________
City, State, Zip Code | Type of Service: ______________________

---

______________________
Defendant's Name | Defendant's Phone: ______________________
______________________
Street Address | Days to Answer: __________
______________________
City, State, Zip Code | Type of Service: ______________________

---

______________________
Defendant's Name | Defendant's Phone: ______________________
______________________
Street Address | Days to Answer: __________
______________________
City, State, Zip Code | Type of Service: ______________________

---

______________________
Defendant's Name | Defendant's Phone: ______________________
______________________
Street Address | Days to Answer: __________
______________________
City, State, Zip Code | Type of Service: ______________________

---

______________________
Defendant's Name | Defendant's Phone: ______________________
______________________
Street Address | Days to Answer: __________
______________________
City, State, Zip Code | Type of Service: ______________________

---

______________________
Defendant's Name | Defendant's Phone: ______________________
______________________
Street Address | Days to Answer: __________
______________________
City, State, Zip Code | Type of Service: ______________________

---

______________________
Defendant's Name | Defendant's Phone: ______________________
______________________
Street Address | Days to Answer: __________
______________________
City, State, Zip Code | Type of Service: ______________________

---



EXHIBIT 1

FILED | 8/19/2026 3:40 PM
CC-20-2026-C-1014
Kanawha County Circuit Clerk
Cathy S. Gatson

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**STEPHANIE RENEE CLARK,**

**Plaintiff,**

**v.** **Civil Action No. __________**

**AT&T MOBILITY SERVICES, LLC and JOHN DOE, individually and in his/her capacity as an agent, representative, employee, supervisor, manager, and/or other authorized representative of AT&T Mobility Services, LLC,**

**Defendants.**

**COMPLAINT**

Plaintiff Stephanie Renee Clark ("Plaintiff" or "Ms. Clark"), brings this action against Defendants AT&T Mobility Services, LLC ("AT&T") and John Doe ("John Doe" or the "Individual Defendant"), and alleges as follows:

**I. NATURE OF ACTION**

1. This is an action arising from Defendants' unlawful discrimination against Plaintiff on the basis of her disability, Defendants' failure to provide reasonable accommodation for Plaintiff's disability, Defendants' retaliation against Plaintiff for exercising rights protected by state and federal law, Defendants' interference with Plaintiff's rights under the Family and Medical Leave Act ("FMLA"), and Defendants' retaliation against Plaintiff for exercising rights protected by the FMLA.
2. Plaintiff was a full-time employee of AT&T for approximately eighteen years, from 2006 until August 20, 2024.
3. Throughout her employment, Plaintiff maintained an positive employment record and was a successful and productive AT&T employee.
4. Plaintiff's employment record included recent advancement within AT&T and successful performance of the essential functions of her position.
5. In or around March 2023, Plaintiff was diagnosed with several medical conditions, including Crohn's Disease.
6. Plaintiff's medical conditions constitute disabilities within the meaning of the West Virginia Human Rights Act ("WVHRA") and the Americans with Disabilities Act ("ADA").
7. Plaintiff's treating physician provided written medical documentation to AT&T identifying Plaintiff's medical conditions and recommending limited accommodations necessary for Plaintiff to continue performing her employment duties.
8. Among the accommodations medically recommended for Plaintiff were up to five excused absences per month for medical appointments, treatment, and/or medical visits

and intermittent breaks when medically necessary because of Plaintiff's medical conditions.

9. The accommodations were limited, medically supported, and designed to allow Plaintiff to remain employed and continue performing the essential functions of her position.
10. Rather than provide the medically recommended accommodation, AT&T's medical accommodation review process and/or the John Doe Defendant ultimately restricted Plaintiff to three days of excused medical absence per month.
11. The three-day restriction was materially less than the accommodation recommended by Plaintiff's treating physician.
12. Plaintiff subsequently learned that the individuals comprising and/or participating in AT&T's medical accommodation review process did not include medical personnel capable of independently evaluating the medical necessity of the accommodation recommended by Plaintiff's treating physician.
13. Upon information and belief, AT&T nevertheless rejected, limited, or modified the recommendation of Plaintiff's treating physician without obtaining an equivalent individualized medical evaluation supporting the three-day limitation.
14. Plaintiff continued to perform her job successfully despite her medical conditions.
15. Plaintiff's performance was sufficiently successful that she advanced within AT&T during the relevant period.
16. Plaintiff's medical conditions and accommodation needs did not prevent her from performing the essential functions of her position.
17. Plaintiff's medically necessary absences and intermittent breaks were directly related to her disabilities and/or the medical treatment required by those disabilities.
18. AT&T knew that Plaintiff's absences were medically related.
19. AT&T also knew, or reasonably should have known, that the additional medically necessary absences resulted from the very medical conditions for which Plaintiff had requested accommodation.
20. Despite that knowledge, AT&T treated absences resulting from Plaintiff's medical conditions as attendance violations.
21. AT&T thereby placed Plaintiff in the untenable position of either foregoing medically necessary treatment and accommodation or risking discipline and termination.
22. Plaintiff continued to work and successfully perform her job despite these circumstances.
23. On or about August 20, 2024, AT&T terminated Plaintiff's employment.
24. AT&T represented that Plaintiff's termination was based upon absences allegedly exceeding the three days per month AT&T had authorized.
25. The absences relied upon by AT&T were, in whole or substantial part, caused by Plaintiff's disabilities, medically necessary treatment, medical appointments, intermittent medical needs, and/or the accommodation restrictions imposed by AT&T.
26. Plaintiff had already achieved her sales goal for the month in which AT&T terminated her employment.
27. Plaintiff's achievement of her sales goal further demonstrated that she was capable of performing the essential functions of her position notwithstanding her disabilities and medically necessary accommodations.
28. AT&T nevertheless elected to terminate Plaintiff rather than provide the accommodation recommended by her treating physician or otherwise engage in a meaningful

individualized process to identify an accommodation that would allow Plaintiff to remain employed.

29. AT&T's stated attendance justification was pretextual and/or was itself the direct consequence of AT&T's failure to provide Plaintiff with the reasonable accommodation she required.
30. Plaintiff's termination occurred after AT&T and John Doe had actual knowledge of her disabilities, her medical limitations, her accommodation requests, and her medically necessary absences.
31. Plaintiff alleges that Defendants' conduct was intentional, willful, wanton, reckless, malicious, oppressive, and/or undertaken in conscious disregard of Plaintiff's protected rights.
32. Plaintiff has suffered economic and noneconomic damages as a direct and proximate result of Defendants' conduct.

## II. PARTIES

33. Plaintiff Stephanie Renee Clark is a resident of Kanawha County, West Virginia.
34. Plaintiff was employed by AT&T as a full-time employee from approximately 2006 through August 20, 2024.
35. Defendant AT&T Mobility Services, LLC is a business entity engaged in telecommunications and related business activities and conducts substantial business in the State of West Virginia, including Kanawha County.
36. AT&T is an employer within the meaning of the WVHRA, ADA, and FMLA.
37. Upon information and belief, AT&T is a foreign business entity authorized to conduct business in West Virginia and is subject to personal jurisdiction in this State.
38. Defendant John Doe is an individual whose true name is presently unknown to Plaintiff.
39. John Doe was an agent, employee, supervisor, manager, human-resources representative, accommodation decision-maker, medical-accommodation representative, and/or other authorized representative of AT&T.
40. John Doe personally participated in, authorized, approved, recommended, implemented, ratified, and/or substantially assisted in the decisions concerning Plaintiff's medical accommodation and/or termination.
41. Plaintiff will amend this Complaint pursuant to Rule 15 of the West Virginia Rules of Civil Procedure when the true identity of John Doe is discovered.

## III. JURISDICTION AND VENUE

42. This Court has subject-matter jurisdiction over Plaintiff's claims arising under West Virginia law.
43. Venue is proper in Kanawha County because Plaintiff resides in Kanawha County, substantial portions of the events giving rise to this action occurred in Kanawha County, and Defendants conduct business in Kanawha County.
44. Venue is further proper pursuant to West Virginia Code § 56-1-1.
45. To the extent Plaintiff asserts claims arising under federal law, including the ADA and FMLA, this Court has jurisdiction to adjudicate those claims.

46. Plaintiff previously received a Right to Sue notice from the West Virginia Human Rights Commission, Docket Number: ED-140-25, EEOC Number: 17J-2025-00046, dated May 11, 2026.

## IV. PLAINTIFF WAS A QUALIFIED EMPLOYEE

47. Plaintiff incorporates Paragraphs 1 through 46 as though fully set forth herein.
48. Plaintiff was a qualified employee who was capable of performing the essential functions of her position.
49. Plaintiff successfully performed her job duties for approximately eighteen years.
50. Plaintiff maintained a positive employment record.
51. Plaintiff received advancement within AT&T during the relevant period.
52. Plaintiff had successfully achieved her sales goal for the month in which she was terminated.
53. Plaintiff's medical conditions did not prevent her from performing the essential functions of her position.
54. The accommodations requested by Plaintiff were designed to permit her to continue performing her essential job functions.
55. Plaintiff was therefore able to perform the essential functions of her position with reasonable accommodation.

## COUNT I

VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT
DISABILITY DISCRIMINATION AND FAILURE TO PROVIDE REASONABLE ACCOMMODATION
W. VA. CODE § 16B-17-9

56. Plaintiff incorporates Paragraphs 1 through 55 as though fully set forth herein.
57. The WVHRA prohibits an employer from discriminating against an individual with respect to compensation, hire, tenure, terms, conditions, or privileges of employment because of disability where the individual is able and competent to perform the services required.
58. Plaintiff is an individual with a disability protected by the WVHRA.
59. AT&T was aware of Plaintiff's disabilities.
60. AT&T was aware of the limitations associated with Plaintiff's disabilities.
61. AT&T was aware that Plaintiff required limited medical accommodations in order to manage her disabilities while continuing to work.
62. Plaintiff's treating physician provided written medical recommendations concerning the accommodations necessary for Plaintiff.
63. Those recommendations included up to five excused absences per month for medical appointments and/or treatment and intermittent medically necessary breaks.
64. The requested accommodations were reasonable and were designed to permit Plaintiff to remain in her position and perform its essential functions.
65. Among other complained of acts, AT&T nevertheless limited Plaintiff to three excused medical absences per month.

66. AT&T thereby failed to provide the accommodation medically recommended by Plaintiff's treating physician.
67. Upon information and belief, AT&T failed to conduct a sufficiently individualized assessment of Plaintiff's medical needs before imposing the three-day limitation.
68. Upon information and belief, AT&T failed to establish that the accommodation recommended by Plaintiff's treating physician would impose an undue hardship.
69. AT&T instead imposed an arbitrary and medically unsupported limitation upon Plaintiff's accommodation.
70. AT&T then counted absences arising from Plaintiff's disability against her attendance record.
71. AT&T terminated Plaintiff because she allegedly exceeded the three-day limitation imposed by AT&T.
72. AT&T therefore terminated Plaintiff because of conduct directly resulting from her disability and from AT&T's own refusal to provide the accommodation recommended by her physician.
73. The fact that Plaintiff had already achieved her sales goal for the month of her termination further demonstrates that her disability-related absences did not prevent her from performing the essential functions of her position.
74. AT&T's stated attendance rationale was pretextual and/or was the foreseeable consequence of AT&T's failure to provide reasonable accommodation.
75. Under Skaggs v. Elk Run Coal Co., 198 W. Va. 51, 479 S.E.2d 561 (1996), reasonable accommodation must be determined on a case-by-case basis, and the employer bears the burden of establishing undue hardship.
76. Under Haynes v. Rhone-Poulenc, Inc., 206 W. Va. 39, 521 S.E.2d 331 (1999), medically necessary leave may constitute reasonable accommodation under the WVHRA and punitive damages are available in an appropriate case.
77. AT&T's conduct violated the WVHRA.
78. As a direct and proximate result of AT&T's unlawful conduct, Plaintiff suffered damages including lost wages, lost benefits, loss of earning capacity, emotional distress, humiliation, inconvenience, mental anguish, and other economic and noneconomic losses.
79. Plaintiff is entitled to all remedies available under W. Va. Code § 16B-17-13, including back pay, reinstatement and/or front pay, compensatory damages, equitable relief, costs, reasonable attorney fees and witness fees, and punitive damages to the extent authorized by law.

## COUNT II
## VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT RETALIATION AND REPRISAL W. VA. CODE § 16B-17-9(7)(C)

80. Plaintiff incorporates Paragraphs 1 through 79 as though fully set forth herein.
81. Plaintiff engaged in protected activity by requesting reasonable accommodation for her disability, communicating her medically supported accommodation needs, opposing AT&T's restriction of those accommodations, and/or otherwise asserting rights protected by the WVHRA.

82. AT&T knew of Plaintiff's protected activity.
83. Plaintiff repeatedly communicated to AT&T that her medical needs required accommodations and that her medically necessary absences were related to her disabilities.
84. To the extent applicable, Plaintiff objected to, challenged, and/or sought reconsideration of AT&T's restriction of her physician-recommended accommodation.
85. Plaintiff's protected activity was followed by adverse employment action, culminating in her termination.
86. AT&T terminated Plaintiff, at least in substantial part, because she exercised rights protected by the WVHRA and/or opposed practices prohibited by the WVHRA.
87. The temporal relationship between Plaintiff's protected activity, AT&T's knowledge of her accommodation needs, AT&T's restriction of her accommodation, AT&T's treatment of medically related absences as attendance violations, and Plaintiff's termination supports an inference of retaliatory motive.
88. AT&T's stated attendance justification was a pretext for retaliation and/or was substantially motivated by Plaintiff's exercise of protected rights.
89. AT&T's conduct violated W. Va. Code § 16B-17-9(7)(C).
90. Plaintiff suffered economic and noneconomic damages as a direct and proximate result of the retaliation.
91. Plaintiff is entitled to all remedies authorized by law, including back pay, front pay, reinstatement where appropriate, compensatory damages, punitive damages where authorized, attorney fees, costs, and equitable relief.

**COUNT III**

VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT
AIDING AND ABETTING DISCRIMINATION
W. VA. CODE § 16B-17-9(7)(A)

92. Plaintiff incorporates Paragraphs 1 through 92 as though fully set forth herein.
93. The WVHRA prohibits any person from aiding, abetting, inciting, compelling, or coercing another person to engage in unlawful discriminatory practices.
94. John Doe was personally involved in the accommodation and/or termination decisions concerning Plaintiff.
95. John Doe knew that Plaintiff had disabilities.
96. John Doe knew that Plaintiff had provided AT&T with medical documentation supporting her requested accommodations.
97. John Doe knew or should have known that Plaintiff's medically related absences resulted from her disabilities and/or medical treatment.
98. John Doe nevertheless participated in, authorized, approved, encouraged, implemented, substantially assisted, and/or ratified AT&T's decision to limit Plaintiff's medical accommodation and/or terminate Plaintiff.
99. John Doe therefore aided and abetted AT&T's unlawful discriminatory conduct.
100. John Doe's conduct was intentional, willful, reckless, and/or undertaken in conscious disregard of Plaintiff's rights.
101. Plaintiff suffered damages as a direct and proximate result of John Doe's conduct.

102. Plaintiff is entitled to all relief available under the WVHRA to the extent permitted by law.

**COUNT IV**
VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE
42 U.S.C. §§ 12101 ET SEQ.

103. Plaintiff incorporates Paragraphs 1 through 102 as though fully set forth herein.

104. The ADA prohibits a covered employer from discriminating against a qualified individual on the basis of disability.

105. AT&T is a covered employer under the ADA.

106. Plaintiff is an individual with a disability within the meaning of the ADA.

107. Plaintiff was qualified to perform the essential functions of her position with reasonable accommodation.

108. AT&T knew of Plaintiff's disability and her resulting limitations.

109. Plaintiff requested reasonable accommodation and supplied AT&T with supporting medical documentation.

110. The accommodations requested by Plaintiff were reasonable.

111. The accommodations would have permitted Plaintiff to continue performing the essential functions of her position.

112. Among other complained of acts, AT&T nevertheless failed to provide the medically supported accommodation and instead restricted Plaintiff to three days of medical absence per month.

113. AT&T failed to engage in a meaningful, individualized interactive process concerning Plaintiff's accommodation needs.

114. AT&T failed to establish that the requested accommodation would impose an undue hardship.

115. AT&T subsequently terminated Plaintiff because of disability-related absences and/or because of the consequences of AT&T's failure to accommodate her disability.

116. AT&T's conduct constituted discrimination because of disability and failure to provide reasonable accommodation in violation of 42 U.S.C. § 12112.

117. AT&T's conduct was intentional and/or undertaken with reckless indifference to Plaintiff's federally protected rights.

118. Plaintiff suffered lost wages, lost benefits, loss of earning capacity, emotional distress, and other damages as a direct and proximate result of AT&T's violations.

119. Plaintiff seeks all relief authorized by the ADA, including back pay, front pay, reinstatement where appropriate, compensatory damages, punitive damages where authorized, attorney fees, costs, and equitable relief.

**COUNT V**
VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
RETALIATION
42 U.S.C. § 12203

120. Plaintiff incorporates Paragraphs 1 through 119 as though fully set forth herein.

121. Plaintiff engaged in activity protected by the ADA by requesting reasonable accommodation, providing medical documentation, communicating her disability-related limitations, and/or opposing AT&T's failure to reasonably accommodate her disability.
122. AT&T was aware of Plaintiff's protected activity.
123. AT&T subsequently subjected Plaintiff to adverse employment actions, including treating medically necessary absences as attendance violations and terminating her employment.
124. AT&T's actions were motivated, at least in substantial part, by Plaintiff's exercise of rights protected by the ADA.
125. The close relationship between Plaintiff's protected activity, her accommodation requests, AT&T's restriction of her accommodation, the resulting attendance treatment, and her termination supports an inference of unlawful retaliatory motive.
126. AT&T's stated attendance rationale was pretextual and/or substantially motivated by Plaintiff's protected activity.
127. AT&T thereby violated 42 U.S.C. § 12203.
128. Plaintiff is entitled to all remedies authorized by the ADA.

**COUNT VI**
VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
INTERFERENCE WITH PROTECTED LEAVE
29 U.S.C. §§ 2612, 2615

129. Plaintiff incorporates Paragraphs 1 through 128 as though fully set forth herein.
130. Plaintiff was an eligible employee under the FMLA.
131. AT&T was an employer covered by the FMLA.
132. Plaintiff had been employed by AT&T for well over twelve months before the events giving rise to this action.
133. Plaintiff worked the requisite number of hours and AT&T employed the requisite number of employees for FMLA coverage.
134. Plaintiff suffered from a serious health condition within the meaning of the FMLA.
135. Plaintiff's Crohn's Disease and/or other qualifying medical conditions required continuing treatment by a health care provider and/or constituted a chronic serious health condition.
136. Plaintiff's condition necessitated intermittent leave and/or medically necessary absences.
137. Plaintiff provided AT&T with sufficient notice and medical documentation concerning her need for protected leave.
138. AT&T had actual knowledge that Plaintiff's absences were related to her serious health condition and/or constituted protected FMLA leave.
139. AT&T approved, recognized, or otherwise had sufficient information to treat Plaintiff's medically necessary absences as FMLA-qualifying leave.
140. Plaintiff exercised and/or attempted to exercise her rights to protected leave.
141. AT&T nevertheless counted protected and/or potentially protected medical absences against Plaintiff under its attendance policy.
142. AT&T thereby interfered with Plaintiff's exercise of rights under the FMLA.

143. AT&T's decision to terminate Plaintiff was based, at least in substantial part, upon absences that were protected by the FMLA and/or should have been treated as protected FMLA leave.

144. By disciplining and terminating Plaintiff based upon protected leave, AT&T denied, restrained, and/or interfered with Plaintiff's exercise of FMLA rights.

145. AT&T's conduct violated 29 U.S.C. § 2615(a)(1).

146. Plaintiff suffered lost wages, lost benefits, loss of employment, and other damages as a direct and proximate result of AT&T's FMLA violations.

147. Plaintiff seeks all remedies available under 29 U.S.C. § 2617, including lost wages, lost benefits, liquidated damages where applicable, equitable relief, reinstatement and/or front pay, attorney fees, costs, and other appropriate relief.

## COUNT VII
### VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT RETALIATION

148. Plaintiff incorporates Paragraphs 1 through 147 as though fully set forth herein.

149. Plaintiff exercised rights protected by the FMLA by requesting, taking, and/or attempting to take intermittent medical leave and medically necessary absences.

150. AT&T knew that Plaintiff was exercising protected FMLA rights.

151. AT&T subsequently subjected Plaintiff to adverse employment action, including counting protected medical absences against her and terminating her employment.

152. Plaintiff's protected FMLA activity was a substantial and/or motivating factor in AT&T's decision to terminate her.

153. AT&T's stated attendance justification was pretextual and/or was based upon Plaintiff's exercise of FMLA rights.

154. AT&T would not have terminated Plaintiff but for her exercise of protected FMLA rights and/or would not have treated her protected absences as attendance violations.

155. AT&T's conduct violated 29 U.S.C. § 2615(a)(2).

156. Plaintiff is entitled to all remedies provided by 29 U.S.C. § 2617.

## COUNT VIII
### ALTERNATIVE AND CUMULATIVE LIABILITY

157. Plaintiff incorporates Paragraphs 1 through 156 as though fully set forth herein.

158. Plaintiff pleads the foregoing causes of action in the alternative and, to the extent permitted by law, cumulatively.

159. Plaintiff does not seek double recovery for the same injury.

160. The fact that particular conduct may violate multiple statutes does not preclude Plaintiff from pursuing each statutory remedy available to her.

161. Plaintiff is entitled to recover the maximum lawful damages and remedies available under each applicable statute, subject to applicable prohibitions against duplicative recovery.

## PUNITIVE DAMAGES

162. Plaintiff incorporates Paragraphs 1 through 161 as though fully set forth herein.

163. Defendants were aware of Plaintiff's disabilities and her medically documented need for accommodation.

164. Defendants possessed written medical recommendations concerning Plaintiff's accommodation needs.

165. Defendants nevertheless restricted Plaintiff's medically recommended accommodation.

166. Defendants then used Plaintiff's restrictions as a basis for terminating Plaintiff.

167. Defendants knew or should have known that Plaintiff's additional medically necessary absences were directly related to her disabilities and/or protected medical leave.

168. Defendants nevertheless treated those absences as grounds for termination.

169. Defendants' conduct was not isolated but involved repeated decisions concerning Plaintiff's accommodation, attendance, and continued employment.

170. Defendants had opportunities to correct the discriminatory conduct and/or reconsider the accommodation restriction but failed to do so, including but not limited to during the time of Plaintiff's employment and post-termination during Plaintiff's administrative challenges to her termination.

171. Defendants' conduct was willful, wanton, malicious, oppressive, reckless, and/or undertaken in conscious disregard of Plaintiff's federally and state-protected rights.

172. Plaintiff therefore seeks punitive and/or exemplary damages to the fullest extent authorized by applicable law.

## DAMAGES

173. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damages including, but not limited to:

a. Lost wages and salary;

b. Lost commissions;

c. Lost bonuses and incentives;

d. Lost health insurance and other employment benefits;

e. Lost retirement and other employment-related benefits;

f. Loss of earning capacity;

g. Loss of employment opportunities;

h. Future economic losses;

i. Emotional distress;

j. Mental anguish;

k. Humiliation;

l. Embarrassment;

m. Inconvenience;

n. Indignity;

o. Damage to professional reputation, to the extent recoverable;

p. Attorney fees;

q. Litigation expenses;

r. Costs;

s. Witness fees;

t. Prejudgment interest;

u. Post-judgment interest;

v. Punitive and/or exemplary damages where authorized; and

w. Such other damages as may be established through discovery and at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Stephanie Renee Clark respectfully requests that the Court enter judgment in her favor and against Defendants and award the following relief:

A. Compensatory damages in an amount to be determined by the jury;

B. Back pay, including lost wages, salary, commissions, bonuses, incentives, and benefits;

C. Front pay and/or reinstatement where appropriate;

D. Loss of earning capacity;

E. Compensatory damages for emotional distress, mental anguish, humiliation, indignity, inconvenience, and other noneconomic losses;

F. Liquidated damages as authorized under the FMLA;

G. Punitive and/or exemplary damages to the fullest extent authorized by applicable law;

H. Attorney fees and litigation expenses as authorized by the WVHRA, ADA, FMLA, and other applicable law;

I. Costs and fees, as permitted by law;

J. Prejudgment and post-judgment interest;

K. Appropriate declaratory and injunctive relief;

L. An order requiring Defendants to cease and desist from unlawful disability discrimination and retaliation;

M. Reinstatement and/or front pay as appropriate;

N. Such equitable relief as necessary to make Plaintiff whole;

O. Such other and further relief as the Court deems just, proper, and equitable; and

P. Any additional relief established through discovery and at trial.

**PLAINTIFF DEMANDS A JURY TRIAL**

Respectfully submitted,

STEPHANIE RENEE CLARK,
Stephanie Renee Clark

528 Nancy Street
Charleston, WV 25311
304-690-1515
letsgoherd04@yahoo.com
*Pro se*

IN THE Circuit COURT OF KANAWHA COUNTY, WEST VIRGINIA

VERIFICATION

Stephanie Clark, named in the forgoing pleading, after being duly sworn, says that the facts and allegations therein contained are true, except insofar as they are therein stated to be on the information, and that insofar as they are therein stated, that they believed to be true.

Stephanie Clark
*(Signature)*

Taken, subscribed and sworn to before the undersigned authority, this 19th day of August 2026

My commission expires: 7/24/29

Shirlette L. Campbell
*(Notary Public)*

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Shirlette L. Campbell
Kanawha County Circuit Clerk's Office
Judicial Building
111 Court Street
Charleston, WV 25301
My Commission Expires July 24, 2029