**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**STEPHANIE RENEE CLARK**,

Plaintiff,

v.

**AT&T MOBILITY SERVICES, LLC,** and **JOHN DOE,** individually, and in his/her capacity as an agent, representative, employee, supervisor, manager, and/or other authorized representative of AT&T Mobility Services, LLC**,**

Defendants.

**Civil Action No. 2:26-cv-00595**

**DEFENDANT AT&T MOBILITY SERVICES, LLC'S ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant AT&T Mobility Services, LLC ("AT&T"), through its undersigned counsel, hereby answers and asserts the following additional defenses to *pro se* Plaintiff Stephanie Renee Clark's ("Plaintiff") Complaint, ECF No. 1-1. AT&T denies each and every allegation in the Complaint not specifically admitted herein. In response to the individually numbered paragraphs of the Complaint, AT&T states as follows:

## NATURE OF ACTION

1. The allegations in Paragraph 1 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, AT&T **DENIES** any inference or allegation contained therein.

2. AT&T **ADMITS** the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. AT&T **DENIES** the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. AT&T **DENIES** the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and, therefore, **DENIES** the same.

6. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, therefore, **DENIES** the same.

7. AT&T **DENIES** the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. AT&T **DENIES** the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. AT&T **DENIES** the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. The allegations in Paragraph 10 of the Complaint are admitted in part and denied in part. AT&T **ADMITS** Plaintiff was approved for intermittent time off of three (3) days per month, treatment and appointment time of five (5) hours per month, and two (2) additional ten-minute breaks during each working day. AT&T **DENIES** all remaining allegations and inferences contained in Paragraph 10 of Plaintiff's Complaint.

11. AT&T **DENIES** the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. AT&T **DENIES** the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. AT&T **DENIES** the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. AT&T **DENIES** the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. AT&T **DENIES** the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. AT&T **DENIES** the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. AT&T **DENIES** the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. AT&T **DENIES** the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. AT&T **DENIES** the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. AT&T **DENIES** the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. AT&T **DENIES** the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. AT&T **DENIES** the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. The allegations in Paragraph 23 of the Complaint are admitted in part and denied in part. AT&T **ADMITS** that on August 21, 2024, AT&T terminated Plaintiff's employment. AT&T **DENIES** all remaining allegations and inferences contained Paragraph 23 of Plaintiff's Complaint.

24. The allegations in Paragraph 24 of the Complaint are admitted in part and denied in part. AT&T **ADMITS** it communicated to Plaintiff that her employment was being "terminated effective immediately for failure to follow the guidelines of attendance." AT&T **DENIES** all remaining allegations and inferences contained Paragraph 24 of Plaintiff's Complaint.

25. AT&T **DENIES** the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. AT&T **DENIES** the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. AT&T **DENIES** the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. AT&T **DENIES** the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. AT&T **DENIES** the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. AT&T **DENIES** the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. AT&T **DENIES** the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. AT&T **DENIES** the allegations contained in Paragraph 32 of Plaintiff's Complaint.

## PARTIES

33. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and, therefore, **DENIES** the same.

34. The allegations in Paragraph 34 of the Complaint are admitted in part and denied in part. AT&T **ADMITS** that Plaintiff was employed by AT&T from approximately July 17, 2006

until her termination on August 21, 2024. AT&T **DENIES** all remaining allegations and inferences contained Paragraph 34 of Plaintiff's Complaint.

35. The allegations in Paragraph 35 are **DENIED** as stated. By way of further response, AT&T **ADMITS** that it is a telecommunications business that operates in the State of West Virginia, including in Kanawha County.

36. The allegations in Paragraph 36 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, AT&T **DENIES** any inference or allegation contained therein.

37. The allegations in Paragraph 37 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, AT&T **ADMITS** it is a foreign business entity, a citizen of Delaware and Georgia, who is authorized to conduct business in West Virginia; AT&T **DENIES** any other inference or allegation contained in Paragraph 37 of the Complaint.

38. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and, therefore, **DENIES** the same.

39. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and, therefore, **DENIES** the same.

40. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and, therefore, **DENIES** the same.

41. The allegations in Paragraph 41 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, AT&T **DENIES** any inference or allegation contained therein.

## JURISDICTION AND VENUE

42. The allegations in Paragraph 42 of the Complaint are legal conclusion to which no response is required. To the extent a response is deemed necessary, AT&T **DENIES** any inference or allegation contained therein.

43. The allegations in Paragraph 43 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, AT&T **DENIES** any inference or allegation contained therein.

44. The allegations in Paragraph 44 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, AT&T **DENIES** any inference or allegation contained therein.

45. The allegations in Paragraph 45 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, AT&T **DENIES** any inference or allegation contained therein.

46. AT&T **ADMITS** the allegations contained in Paragraph 46 of Plaintiff's Complaint.

## ALLEGED STATUS AS QUALIFIED EMPLOYEE

47. AT&T incorporates its answers to Paragraphs 1 through 46 as if fully set forth herein.

48. AT&T **DENIES** the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. AT&T **DENIES** the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. AT&T **DENIES** the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. AT&T **DENIES** the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. AT&T **DENIES** the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. AT&T **DENIES** the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. AT&T **DENIES** the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. AT&T **DENIES** the allegations contained in Paragraph 55 of Plaintiff's Complaint.

## COUNT I

56. AT&T incorporates its answers to Paragraphs 1 through 55 as if fully set forth herein.

57. The allegations in Paragraph 57 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, AT&T **DENIES** any inference or allegation contained therein.

58. AT&T **DENIES** the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. AT&T **DENIES** the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. AT&T **DENIES** the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. AT&T **DENIES** the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. AT&T **DENIES** the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. AT&T **DENIES** the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. AT&T **DENIES** the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. AT&T **ADMITS** Plaintiff was approved for intermittent time off of three (3) days per month, treatment and appointment time of five (5) hours per month, and two (2) additional ten-minute breaks during each working day. AT&T **DENIES** all remaining allegations and inferences contained in Paragraph 65 of Plaintiff's Complaint.

66. AT&T **DENIES** the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. AT&T **DENIES** the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. AT&T **DENIES** the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. AT&T **DENIES** the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70. AT&T **DENIES** the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. AT&T **ADMITS** Plaintiff's employment was "terminated effective immediately for failure to follow the guidelines of attendance." AT&T **DENIES** all remaining allegations and inferences contained Paragraph 71 of Plaintiff's Complaint.

72. AT&T **DENIES** the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73. AT&T **DENIES** the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74. AT&T **DENIES** the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75. The allegations in Paragraph 75 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, AT&T **DENIES** any inference or allegation contained therein.

76. The allegations in Paragraph 76 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, AT&T **DENIES** any inference or allegation contained therein.

77. AT&T **DENIES** the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78. AT&T **DENIES** the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79. AT&T **DENIES** the allegations contained in Paragraph 79 of Plaintiff's Complaint.

## **COUNT II**

80. AT&T incorporates its answers to Paragraphs 1 through 79 as if fully set forth herein.

81. AT&T **DENIES** the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82. AT&T **DENIES** the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83. AT&T **DENIES** the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84. AT&T **DENIES** the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85. AT&T **DENIES** the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86. AT&T **DENIES** the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87. AT&T **DENIES** the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88. AT&T **DENIES** the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89. AT&T **DENIES** the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90. AT&T **DENIES** the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91. AT&T **DENIES** the allegations contained in Paragraph 91 of Plaintiff's Complaint.

## COUNT III

92. AT&T incorporates its answers to Paragraphs 1 through 91 as if fully set forth herein.

93. The allegations in Paragraph 93 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, AT&T **DENIES** any inference or allegation contained therein.

94. AT&T **DENIES** the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95. AT&T **DENIES** the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96. AT&T **DENIES** the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97. AT&T **DENIES** the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98. AT&T **DENIES** the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99. AT&T **DENIES** the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100. AT&T **DENIES** the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101. AT&T **DENIES** the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102. AT&T **DENIES** the allegations contained in Paragraph 102 of Plaintiff's Complaint.

## COUNT IV

103. AT&T incorporates its answers to Paragraphs 1 through 102 as if fully set forth herein.

104. The allegations in Paragraph 104 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, AT&T **DENIES** any inference or allegation contained therein.

105. The allegations in Paragraph 105 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, AT&T **DENIES** any inference or allegation contained therein.

106. AT&T **DENIES** the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107. AT&T **DENIES** the allegations contained in Paragraph 107 of Plaintiff's Complaint.

108. AT&T **DENIES** the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109. AT&T **DENIES** the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110. AT&T **DENIES** the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111. AT&T **DENIES** the allegations contained in Paragraph 111 of Plaintiff's Complaint.

112. The allegations in Paragraph 112 of the Complaint are admitted in part and denied in part. AT&T **ADMITS** Plaintiff was approved for intermittent time off of three (3) days per month and other medically supported accommodations at work. AT&T **DENIES** all remaining allegations and inferences contained in Paragraph 112 of Plaintiff's Complaint.

113. AT&T **DENIES** the allegations contained in Paragraph 113 of Plaintiff's Complaint.

114. AT&T **DENIES** the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115. AT&T **DENIES** the allegations contained in Paragraph 115 of Plaintiff's Complaint.

116. AT&T **DENIES** the allegations contained in Paragraph 116 of Plaintiff's Complaint.

117. AT&T **DENIES** the allegations contained in Paragraph 117 of Plaintiff's Complaint.

118. AT&T **DENIES** the allegations contained in Paragraph 118 of Plaintiff's Complaint.

119. AT&T **DENIES** the allegations contained in Paragraph 119 of Plaintiff's Complaint.

## COUNT V

120. AT&T incorporates its answers to Paragraphs 1 through 119 as if fully set forth herein.

121. AT&T **DENIES** the allegations contained in Paragraph 121 of Plaintiff's Complaint.

122. AT&T **DENIES** the allegations contained in Paragraph 122 of Plaintiff's Complaint.

123. AT&T **DENIES** the allegations contained in Paragraph 123 of Plaintiff's Complaint.

124. AT&T **DENIES** the allegations contained in Paragraph 124 of Plaintiff's Complaint.

125. The allegations in Paragraph 125 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, AT&T **DENIES** any inference or allegation contained therein.

126. AT&T **DENIES** the allegations contained in Paragraph 126 of Plaintiff's Complaint.

127. AT&T **DENIES** the allegations contained in Paragraph 127 of Plaintiff's Complaint.

128. AT&T **DENIES** the allegations contained in Paragraph 128 of Plaintiff's Complaint.

**COUNT VI**

129. AT&T incorporates its answers to Paragraphs 1 through 128 as if fully set forth herein.

130. AT&T **DENIES** the allegations contained in Paragraph 130 of Plaintiff's Complaint.

131. AT&T **ADMITS** the allegations contained in Paragraph 131 of Plaintiff's Complaint.

132. AT&T **DENIES** the allegations contained in Paragraph 132 of Plaintiff's Complaint.

133. AT&T **DENIES** the allegations contained in Paragraph 133 of Plaintiff's Complaint.

134. The allegations in Paragraph 134 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, AT&T **DENIES** any inference or allegation contained therein.

135. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 of the Complaint and, therefore, **DENIES** the same.

136. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 of the Complaint and, therefore, **DENIES** the same.

137. AT&T **DENIES** the allegations contained in Paragraph 137 of Plaintiff's Complaint.

138. AT&T **DENIES** the allegations contained in Paragraph 138 of Plaintiff's Complaint.

139. AT&T **DENIES** the allegations contained in Paragraph 139 of Plaintiff's Complaint.

140. The allegations in Paragraph 140 of the Complaint are admitted in part and denied in part. AT&T **ADMITS** Plaintiff applied for and was approved for intermittent time off as a reasonable accommodation. AT&T **DENIES** all remaining allegations and inferences contained in Paragraph 140 of Plaintiff's Complaint.

141. AT&T **DENIES** the allegations contained in Paragraph 141 of Plaintiff's Complaint.

142. AT&T **DENIES** the allegations contained in Paragraph 142 of Plaintiff's Complaint.

143. AT&T **DENIES** the allegations contained in Paragraph 143 of Plaintiff's Complaint.

144. AT&T **DENIES** the allegations contained in Paragraph 144 of Plaintiff's Complaint.

145. AT&T **DENIES** the allegations contained in Paragraph 145 of Plaintiff's Complaint.

146. AT&T **DENIES** the allegations contained in Paragraph 146 of Plaintiff's Complaint.

147. AT&T **DENIES** the allegations contained in Paragraph 147 of Plaintiff's Complaint.

## COUNT VII

148. AT&T incorporates its answers to Paragraphs 1 through 147 as if fully set forth herein.

149. The allegations in Paragraph 149 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, AT&T **DENIES** any inference or allegation contained therein.

150. AT&T **DENIES** the allegations contained in Paragraph 150 of Plaintiff's Complaint.

151. The allegations in Paragraph 151 of the Complaint are admitted in part and denied in part. AT&T **ADMITS** that on August 21, 2024, AT&T terminated Plaintiff's employment. AT&T **DENIES** all remaining allegations and inferences contained Paragraph 151 of Plaintiff's Complaint.

152. AT&T **DENIES** the allegations contained in Paragraph 152 of Plaintiff's Complaint.

153. AT&T **DENIES** the allegations contained in Paragraph 153 of Plaintiff's Complaint.

154. AT&T **DENIES** the allegations contained in Paragraph 154 of Plaintiff's Complaint.

155. AT&T **DENIES** the allegations contained in Paragraph 155 of Plaintiff's Complaint.

156. AT&T **DENIES** the allegations contained in Paragraph 156 of Plaintiff's Complaint.

**COUNT VIII**

157. AT&T incorporates its answers to Paragraphs 1 through 156 as if fully set forth herein.

158. The allegations in Paragraph 158 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, AT&T **DENIES** any inference or allegation contained therein.

159. The allegations in Paragraph 159 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, AT&T **DENIES** any inference or allegation contained therein.

160. The allegations in Paragraph 160 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, AT&T **DENIES** any inference or allegation contained therein.

161. AT&T **DENIES** the allegations contained in Paragraph 161 of Plaintiff's Complaint.

## PUNITIVE DAMAGES

162. AT&T incorporates its answers to Paragraphs 1 through 161 as if fully set forth herein.

163. AT&T **DENIES** the allegations contained in Paragraph 163 of Plaintiff's Complaint.

164. AT&T **DENIES** the allegations contained in Paragraph 164 of Plaintiff's Complaint.

165. AT&T **DENIES** the allegations contained in Paragraph 165 of Plaintiff's Complaint.

166. AT&T **DENIES** the allegations contained in Paragraph 166 of Plaintiff's Complaint.

167. AT&T **DENIES** the allegations contained in Paragraph 167 of Plaintiff's Complaint.

168. AT&T **DENIES** the allegations contained in Paragraph 168 of Plaintiff's Complaint.

169. AT&T **DENIES** the allegations contained in Paragraph 169 of Plaintiff's Complaint.

170. AT&T **DENIES** the allegations contained in Paragraph 170 of Plaintiff's Complaint.

171. AT&T **DENIES** the allegations contained in Paragraph 171 of Plaintiff's Complaint.

172. The allegations in Paragraph 172 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, AT&T **DENIES** any inference or allegation contained therein.

## DAMAGES

173. AT&T **DENIES** the allegations contained in Paragraph 173 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

In response to the unnumbered paragraph following Paragraph 173 of Plaintiff's Complaint, under the heading "Prayer for Relief," AT&T **DENIES** that Plaintiff is entitled to any judgment in her favor or any other relief.

## ADDITIONAL DEFENSES

Subject to a reasonable opportunity for further investigation and without shifting the burden of proof on any issue for which Plaintiff bears the burden, AT&T alleges the following additional defenses:

1. The Complaint fails to state, in whole or in part, a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and unclean hands.

4. All decisions or actions taken by AT&T, its representatives and employees, with respect to Plaintiff's employment and the terms and conditions of her employment, were based upon legitimate, non-discriminatory and non-retaliatory factors.

5. All decisions or actions taken by AT&T, its representatives and employees, with respect to Plaintiff's employment and the terms and conditions of her employment, were taken in good faith, without any malice or intent to injure or harm Plaintiff and, therefore, are not actionable.

6. Plaintiff's claims are barred to the extent that any accommodation requested by Plaintiff would have caused an undue hardship and, therefore, could not be provided.

7. AT&T's actions with respect to Plaintiff were at all times in compliance with the FMLA and all other applicable laws, and were taken in good faith and for lawful, legitimate, and non-discriminatory and non-retaliatory reasons.

8. Plaintiff's own conduct and negligence contributed to Plaintiff's alleged injuries.

9. To the extent AT&T obtains through discovery or otherwise after-acquired evidence of wrongdoing by Plaintiff, the Complaint is barred or alleged damages should be reduced by the doctrine of after-acquired evidence.

10. Plaintiff's damages, if any, should be reduced by her failure to take reasonable steps to mitigate them.

11. Plaintiff's damages, if any, should be reduced by the amount of her interim earnings, including the value of earned benefits.

12. Plaintiff's Complaint fails to state facts sufficient to justify an award of punitive damages.

13. Any unlawful actions by AT&T's managing agents, which AT&T denies, would have been contrary to its good faith efforts to comply with the law.

14. Plaintiff is not entitled to attorneys' fees.

15. Plaintiff's claims are barred, in whole or in part, by the West Virginia Workers' Compensation Law.

16. AT&T reserves the right to assert any additional defenses of which they become aware during the course of this proceeding.

**WHEREFORE**, AT&T respectfully requests that the Court dismiss the Complaint in its entirety and award AT&T its reasonable attorneys' fees and costs, and such other relief as the Court deems just and proper.

Dated: September 30, 2026

Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ Kaitlyn B. Samuelson*

Shannon Huygens (WV Bar No. 11182)
One PPG Place, Suite 2400
Pittsburgh, PA 15222
SHuygens@littler.com
Telephone: 412-201-7603

Kaitlyn B. Samuelson (WV Bar No. 13859)
707 Virginia Street, E., Suite 1010
Charleston, WV 25301
KSamuelson@littler.com
Telephone: (304) 599-4600

*Counsel for Defendant AT&T Mobility Services, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**STEPHANIE RENEE CLARK**,

Plaintiff,

v.

**AT&T MOBILITY SERVICES, LLC,** and **JOHN DOE,** individually, and in his/her capacity as an agent, representative, employee, supervisor, manager, and/or other authorized representative of AT&T Mobility Services, LLC**,**

Defendants.

**Civil Action No. 2:26-cv-00595**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of September 2026, a true and correct copy of the foregoing ***Defendant AT&T Mobility Services, LLC's Answer and Additional Defenses to Plaintiff's Complaint*** was electronically filed with the Clerk of the Court via CM/ECF, and delivered by first class mail via the U.S. Postal Service to the *pro se Plaintiff* addressed as follows:

Stephanie Renee Clark
528 Nancy St.
Charleston, WV 25311
*Pro Se Plaintiff*

*/s/ Kaitlyn B. Samuelson*
Kaitlyn B. Samuelson (WV Bar No. 13859)